1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   JEFFEREY S. NEDD,                        Case No.: 1:25-cv-01033-KES-CDB (PC)

12                 Plaintiff,                  FINDINGS AND RECOMMENDATIONS TO
                                              DISMISS PLAINTIFF'S COMPLAINT FOR
13        v.                                  FAILURE TO STATE A CLAIM UPON
                                              WHICH RELIEF CAN BE GRANTED
14   CHARLES BARRETT, *et al.*,
                                              (Doc. 13)
15                 Defendants.
                                              ORDER DENYING PLAINTIFF'S MOTIONS
16                                            (1) TO AMEND COMPLAINT, (2) FOR
                                              ENTRY OF DEFAULT, AND (3) TO
17                                            APPOINT COUNSEL

18                                            (Docs. 10, 11, 12, 14)

19                                            **21-DAY DEADLINE**

20        Plaintiff Jefferey S. Nedd ("Plaintiff") is a state prisoner proceeding pro se in this civil rights

21   action.  On September 4, 2025, the Court issued its first screening order finding Plaintiff failed to

22   bring any cognizable claims and granting leave to amend. (Doc. 6). Plaintiff filed his first amended

23   complaint on September 24, 2025. (Doc. 13). Plaintiff also filed two motions to appoint counsel

24   (Docs. 10, 14), a motion to amend the complaint (Doc. 11), and a motion for entry of default (Doc.

25   12).

26        I.      MOTION TO AMEND THE COMPLAINT

27        The Court granted Plaintiff leave to amend his complaint in its first screening order. *See*

28   (Doc. 6). Plaintiff filed his first amended complaint (Doc. 13) the same day as his motion to amend

the complaint (Doc. 11). As Plaintiff was granted leave to amend his complaint prior, the Court will accept Plaintiff's first amended complaint as the operative complaint. Thus, Plaintiff's motion to amend the complaint will be denied as moot.

## II.    MOTION FOR ENTRY OF DEFAULT JUDGMENT

Plaintiff seeks entry of default against Defendants, asserting that the docket shows Defendants were served by the United States Marshals Service on August 15, 2025, with the summons and complaint. (Doc. 12 at 1). No such service has been ordered and there is no such indication on the docket. Plaintiff's motion for entry of default judgment is therefore premature, as service has not yet been ordered pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure. Thus, Plaintiffs motion for entry of default judgment will be denied.

## III.    MOTIONS TO APPOINT COUNSEL

Plaintiff filed a motion to appoint counsel (Doc. 10) on September 24, 2025, and a second motion to appoint counsel (Doc. 14) on October 6, 2025. Therein, Plaintiff incorrectly refers to this proceeding as a habeas corpus action and represents that he is indigent. (Doc. 10 at 1).

### A.  Governing Law

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (quotations and citations omitted).

### B.  Analysis

First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his

claims. *Rand*, 113 F.3d at 1525. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a); *see also* (Doc. 6 at 1). At screening, the Court is tasked with determining whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. The Court previously screened the operative complaint and determined that it failed to assert any cognizable claims. (Doc. 13). In light of this, and given that the Court at screening does not test the merits of the allegations but assumes the factual allegations to be true for purposes of screening, Plaintiff is not likely to succeed on the claims asserted.

Next, the Court must also evaluate Plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. In this case, the Court notes that Plaintiff's filings reflect Plaintiff is logical and articulate. *See*, *e.g.*, (Docs. 1, 12, 13); *see LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel, where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions").

Neither the claims asserted nor the relevant events and transactions are complex. *See Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this case "so complex that due process violations will occur absent the presence of counsel"); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (explaining that "[a]lthough discovery was essential … the need for such discovery does not necessarily qualify the issues involved as 'complex'"). Stated another way, Plaintiff's belief that the claims are complex is not the test. Rather, the type of claim or claims asserted are the subject of the Court's consideration of complexity.

To the extent Plaintiff relies upon his indigency and incarceration to support his motion, those circumstances do not qualify as exceptional circumstances warranting the appointment of counsel. *See Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of

success on the merits or his ability to articulate his claims pro se"); *Robinson v. Cryer*, No. 1:20-cv-00622-HBK (PC), 2021 WL 9541411, at *1 (E.D. Cal. Jan. 11, 2021) ("Although Plaintiff is proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face"). *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel"); *Galvan v. Fox*, No. 2:15-CV-01798-KJM (DB), 2017 WL 1353754, at *8 (E.D. Cal. Apr. 12, 2017) ("Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel").

Further, that an attorney may be better able to perform research, investigate, and represent Plaintiff during trial does not amount to an exceptional circumstance. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); *Wilborn*, 789 F.2d at 1331 (same); *Ricks v. Austria*, No. 1:15-cv-01147-BAM (PC), 2016 WL 1734326, at *2 (E.D. Cal. May 2, 2016) (while a pro se litigant may be better served with the assistance of counsel were the case to proceed to trial, the court need not appoint counsel if plaintiff can articulate his claims and exceptional circumstances do not exist); *Thornton v. Schwarzenegger*, No. 10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances").

The test is not whether Plaintiff would benefit from the appointment of counsel; the test is whether exceptional circumstances exist. Here, no exceptional circumstances exist warranting the appointment of counsel. As such, Plaintiff's motions for appointment of counsel will be denied.

## IV.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails

to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## V.    PLEADING REQUIREMENTS

### A.    Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id.* (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S.

at 678 (internal quotation marks & citation omitted).

**B. Linkage and Causation**

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## VI.    DISCUSSION

In the first amended complaint, Plaintiff names Charles Barrett and Kelly Smith as Defendants.[1] (Doc. 1 at 2). Plaintiff alleges that Charles Barrett is an attorney and Kelly Smith a district attorney. *Id.*

**A. Plaintiff's Allegations**

Plaintiff provides scant assertions of facts within his first amended complaint. Plaintiff alleges that Charles Barrett failed to prepare a motion for DNA testing, that a rape test showed "she was with somebody else" and "they know she lied." Plaintiff represents that this is why he is trying to test the DNA again, as "it has to match[,] she was with someone else." *Id* at 3. Plaintiff alleges that he "told them the truth" and that Lara Boyed, the district attorney, knew and lied. Plaintiff asserts ineffective assistance of counsel, violation of a constitutional right to have access to evidence that was introduced at the preliminary hearing and DNA testing, that his prosecution was illegal, that he is falsely imprisoned, due process violations, and cruel and unusual punishment. *Id.* at 2-3. As to relief, Plaintiff seeks DNA testing. *Id.* at 4.

**B. Analysis**

***i.    Improperly Brought Habeas Claims***

---

[1] Although signed, Plaintiff's filing is not dated.  *See* (Doc. 13 at 4).

1    Notwithstanding the Court's earlier admonition in its first screening order (Doc. 6 at 4),

2    Plaintiff again improperly asserts claims alleging ineffective assistance of counsel (*i.e.*, habeas

3    corpus claims) in this section 1983 action.

4    Federal law provides two main avenues for relief on complaints related to imprisonment: a

5    petition for habeas corpus, and a complaint under 42 U.S.C. § 1983. *Muhammad v. Close*, 540 U.S.

6    749, 750 (2004) (per curiam). Habeas corpus is the appropriate remedy for challenges to the validity

7    of the fact or length of confinement or matters affecting the duration of confinement. *Preiser v.*

8    *Rodriquez*, 411 U.S. 475, 500 (1973). If a favorable challenge would not "necessarily lead to [a

9    petitioner's] immediate or earlier release from confinement," the claim does not fall within "the

10   core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016). In contrast, requests

11   for relief turning on circumstances of confinement may be presented in a § 1983 action.

12   *Muhammad*, 540 U.S. at 750; *see Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas

13   jurisdiction is absent, and a § 1983 action is proper, where a successful challenge to a prison

14   condition will not necessarily shorten the prisoner's sentence.").

15   Habeas actions and § 1983 prisoner civil right cases "differ in a variety of respects—such

16   as the proper defendant, filing fees, the means of collecting them, and restrictions on future

17   filings—that may make recharacterization impossible or, if possible, disadvantageous to the

18   prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Id*. at 935-36

19   (citations omitted); *United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2000) (courts should not

20   recharacterize a prisoner's pro se filing as a federal habeas petition when doing so may be to the

21   prisoner's disadvantage).

22   As claims of ineffective assistance of counsel in general are properly brought in a petition

23   for habeas corpus, they are non-cognizable and may not be asserted in a section 1983 action.

24   Additionally, as another judge of this Court recounted to Plaintiff in a prior section 1983 action

25   filed by Plaintiff, his preceding habeas corpus petition was dismissed "because it was filed more

26   than a year after AEDPA's one-year limitation period had expired, and the district court further had

27   denied Plaintiff a certificate of appealability. Further, the Ninth Circuit, after affording Plaintiff an

28   opportunity to show cause why it should not deny the notice of appeal as untimely also denied

7

1   Plaintiff a certificate of appealability." *Nedd v. Bird*, No. 1:23-CV-01630-HBK (PC), 2024 WL

2   1198732, at *6 (E.D. Cal. Mar. 20, 2024), *report and recommendation adopted*, No. 1:23-CV-

3   01630-KES-HBK (PC), 2024 WL 3471004 (E.D. Cal. July 19, 2024) (referencing *Nedd v. Bird*,

4   No. 1:22-CV-0704 JLT HBK, 2023 WL 2696633, at *1 (E.D. Cal. Mar. 29, 2023), *certificate of*

5   *appealability denied*, No. 23-15730, 2023 WL 5163337 (9th Cir. July 25, 2023)).

6       Thus, it appears that if Plaintiff commenced any such action with a petition for writ of

7   habeas corpus, it would be denied as untimely.

8                                    *ii.  Section 1983 Claims*

9       Here, Plaintiff names only Charles Barrett and Kelly Smith as Defendants and has not

10  asserted any facts that either Defendant violated his constitutional rights as to the circumstances or

11  conditions of his confinement. He has not alleged any actions taken or actions omitted by

12  Defendants relating to any alleged deprivations cognizable under section 1983. As the Court

13  advised Plaintiff in its first screening order, Plaintiff's complaint is devoid of facts supporting any

14  claims cognizable under section 1983 and, thus, fails to comply with Rule 8.

15                       **C.  Further Leave to Amend Would Be Futile**

16      Because Plaintiff's first amended complaint is deficient for the same reasons as those

17  articulated in the Court's first screening orders (*see* Doc. 6) and because Plaintiff has failed to

18  remedy those deficiencies, the Court assesses that Plaintiff cannot cure his pleadings and, thus, that

19  leave to amend would be futile. *See Hartman v. CDCR*, 707 F.3d 1114, 1129-30 (9th Cir. 2013)

20  (affirming dismissal of first amended complaint and finding leave to amend futile where

21  complaint's allegations belied plaintiff's entitlement to relief).

22               **VII.  CONCLUSION, ORDER, AND RECOMMENDATION**

23      For the foregoing reasons, it is HEREBY ORDERED that:

24      1.  Plaintiff's motion to amend the complaint (Doc. 11) is DENIED as moot.

25      2.  Plaintiff's motion for entry of default judgment (Doc. 12) is DENIED.

26      3.  Plaintiff's motions to appoint counsel (Docs. 10, 14) are DENIED.

27      And it is HEREBY RECOMMENDED that this action be dismissed, without leave to

28  amend, based on Plaintiff's failure to state a claim upon which relief can be granted.

8

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **November 19, 2025**

_____
UNITED STATES MAGISTRATE JUDGE